UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOHO CO., LTD,<br><br>        Plaintiff,<br><br>v.<br><br>NEW ORLEANS LAGER & ALE<br>BREWING COMPANY, LLC<br><br>        Defendant. | Civil Action No. _____<br><br>Judge:<br><br>Magistrate Judge:<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## COMPLAINT

Plaintiff Toho Co., Ltd ("Toho") hereby alleges as follows:

<u>NATURE OF THE ACTION</u>

1. This action involves a brewery's unlawful attempt to take advantage of the popularity and public recognition achieved by Toho's fictional character "Mechagodzilla" for the purpose of attracting attention to itself and its product. Defendant manufactures and distributes a brand of beer that it calls "Mechahopzilla" – a name that is clearly based upon and almost identical to Toho's Mechagodzilla trademark. Moreover, defendant does so using packaging and advertising that copies Toho's copyrighted Mechagodzilla character image. Defendant's intentional appropriation of Toho's intellectual property is prohibited by law.

## JURISDICTION AND VENUE

2. This action arises under the Lanham Act, 15 U.S.C. § 1125, and the United States Copyright Act, 17 U.S.C. §§ 101 et seq. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Toho's state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over defendant because defendant conducts business in Louisiana and in this judicial district, has sufficient minimum contacts with Louisiana and this judicial district, or otherwise intentionally makes its products available in this judicial district, so as to render jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

4. Venue in this judicial district is proper under 28 U.S.C. §§1391(b) and (c), and 1400(a), in that a substantial part of the events giving rise to Toho's claims occurred in this judicial district. The product at issue is available for sale and has been sold in this district and defendant resides and may be found in this district within the meaning of 28 U.S.C. §1391(c).

## THE PARTIES

5. Toho is a Japanese corporation and motion picture studio that is in the business of producing and distributing motion pictures throughout the world. Toho's principal place of business is in Tokyo, Japan. Toho maintains a United States office to oversee the distribution of its films in the United States, and to oversee the licensing, merchandising and enforcement of the intellectual property that appears in its films.

6. Toho is informed and believes, and based thereon alleges, that defendant New Orleans Lager & Ale Brewing Company, LLC ("Defendant") is a Louisiana limited liability company, with an address at 3001 Tchoupitoulas Street, New Orleans, Louisiana 70115.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Toho and the Mechagodzilla Character

7.  In or about 1954, Toho created a fictional character called "Godzilla," a giant, prehistoric monster brought to life in the modern world. At the same time, Toho produced and distributed a feature-length motion picture entitled *Gojira* (Japanese for *Godzilla*), based upon the reawakening of Godzilla by the detonation of an atomic bomb. The film was released in the United States in or about 1956 under the title *Godzilla, King of the Monsters*. Thereafter, Toho produced and distributed throughout the world a series of motion pictures based upon the further adventures of Godzilla. Toho has produced more than 25 sequel films featuring its Godzilla character.

8.  In 1974, in a film entitled *Godzilla vs. Mechagodzilla*, the fourteenth film in the *Godzilla* series, Toho introduced the character known as "Mechagodzilla" (the "Mechagodzilla Character"). Since then, the Mechagodzilla Character has appeared in four additional films in the *Godzilla* series of films: *Terror of Mechagodzilla, Godzilla vs. Mechagodzilla II, Godzilla Against Mechagodzilla*, and *Godzilla: Tokyo S.O.S.* (collectively, with *Godzilla vs. Mechagodzilla*, the "Mechagodzilla Films"), as well as in comic books and video games, and has been depicted in toys, all of which have been distributed in the United States. The Mechagodzilla Character is Godzilla's mechanical "doppelgänger," a large two-footed reptilian creature with a powerful swooping tail and a robot-like appearance. A depiction of the Mechagodzilla Character appears below:



9. Toho has complied in all respects with the copyright laws of the United States, and all other laws governing copyright, and is the owner of the exclusive rights and privileges in and to the copyrights in *Gojira, Godzilla, King of the Monsters* and in the subsequent Godzilla motion pictures, including the Mechagodzilla Films.

10. Toho has obtained the following registrations in the Mechagodzilla Films with the United States Copyright Office, and these registrations are valid and subsisting:

   a. Godzilla vs. Mechagodzilla (aka Godzilla Tai Mechagodzilla), Reg. No. RE 873-664, PA 382-933;

   b. Mechagodzilla No Gyakushu (aka Terror of Mechagodzilla), Reg. No. RE 891-979, PA 317-015;

   c. Godzilla vs. Mechagodzilla II (aka Godzilla vs. Super-Mechagodzilla), Reg. No. PA 796-966;

84800-00093/1968714.4
PD.10370679.1

        d.        Godzilla X Mechagodzilla (aka Godzilla Against Mechagodzilla), Reg. No. PA 1-372-864; and

        e.        Godzilla X Mothra X Mechagodzilla Tokyo S.O.S. (aka Godzilla: Tokyo SOS), Reg. No. PA 1-232-751.

11.    Toho's aforementioned registered copyrights (collectively, the "Mechagodzilla Copyrights") cover all visual elements in the motion pictures, including the appearance of the Mechagodzilla Character itself.

12.    In addition to its Mechagodzilla Copyrights, Toho owns United States Trademark Registration No. 2,224,471 for the word mark MECHAGODZILLA, and United States Trademark Registration No. 2,231,004 for the design of the Mechagodzilla Character. Each of these registrations is valid and subsisting and belongs to Toho. Toho's trademarks in "Mechagodzilla" (*i.e.*, the word mark MECHAGODZILLA and the design of the Mechagodzilla Character) are collectively referred to herein as the "MECHAGODZILLA Marks."

13.    Toho's Mechagodzilla Films have been widely distributed in the United States and throughout the world. In the course of the production and distribution of these films, Toho and its licensees have expended significant effort advertising and promoting the motion pictures under titles bearing the name "Mechagodzilla" and featuring the Mechagodzilla Character.

14.    As a result of the success and popularity of its Mechagodzilla Films, Toho has, for a number of years, engaged in the business of merchandising and promoting the Mechagodzilla Character. Toho, by itself and through its authorized licensing agents, has licensed others to use the name "Mechagodzilla" and the likeness of Mechagodzilla on and in connection with toys, clothing, books, video games, and various other types of merchandise. Substantial effort has been expended in promoting Mechagodzilla merchandise and the merchandise has been widely distributed in the United States and elsewhere pursuant to these licenses.

15.    Through the consistent and extensive advertising and widespread distribution and success of Toho's motion pictures featuring Mechagodzilla, and the advertising and distribution of merchandise featuring Mechagodzilla, Toho has developed significant recognition and highly

valuable goodwill in the MECHAGODZILLA Marks, in its Mechagodzilla Character, and in the products, goods and services featuring Mechagodzilla.

### Defendant's Infringing Conduct

16. Defendant manufactures and distributes a brand of beer called "Mechahopzilla." On the label of the product itself, Defendant prominently features the name "Mechahopzilla" (the "MECHAHOPZILLA Mark") and a large two-footed reptilian creature with a powerful swooping tail and a robot-like appearance. (the "Mechahopzilla Character"), as depicted below:



- 6 -

17. The same or substantially similar Mechahopzilla Character also appears on the pull-tap for Mechahopzilla draft beer, as depicted below:



18. Notwithstanding Toho's own extensive use of the MECHAGODZILLA Marks and Mechagodzilla Character, Defendant has used the virtually identical MECHAHOPZILLA Mark and the appearance of its Mechahopzilla Character, which is substantially similar to Toho's Mechagodzilla, to attract public attention, to take advantage of the goodwill and public familiarity with the Mechagodzilla Character, and to create an association in the minds of customers that its product is somehow affiliated with, or sponsored, endorsed or sanctioned by, Toho.

19. A side-by-side comparison, below, reveals the substantial similarity between Toho's Mechagodzilla Character and Defendant's Mechahopzilla Character:




20. Images of product packaging for Defendant's Mechahopzilla beer have been featured on Defendant's website and Facebook page and on various other Internet websites on which the Mechahopzilla beer has been discussed and/or reviewed. Tellingly, one commentator, in discussing the design of the Mechahopzilla beer can, noted: "I think it's completely bad ass. I don't know how they won't get sued for that though." (http://thealerunner.com/2013/02/07/nola-mechahopzilla-can-design/)

21. Defendant did not obtain permission to use Toho's MECHAGODZILLA Marks or Mechagodzilla Character, nor did Defendant pay Toho any fee for the use of its intellectual property; therefore, Defendant was unjustly enriched to Toho's detriment.

- 8 -

22. Upon learning of Defendant's wrongful use of the MECHAGODZILLA Marks and Mechagodzilla Character, Toho demanded that Defendant cease and desist further use of Toho's intellectual property, but Defendant has refused to do so.

## FIRST CLAIM FOR RELIEF

### For Federal Trademark Infringement (15 U.S.C. § 1114)

23. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22 above, as though they were fully set forth herein.

24. By creating, producing, distributing, advertising and otherwise exploiting the MECHAHOPZILLA Mark and Mechahopzilla Character in the way that it has, and/or by authorizing or contributing to the foregoing, Defendant has caused a likelihood of confusion, mistake or deception with Toho's MECHAGODZILLA Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. As a direct and proximate result of Defendant's wrongful conduct, Toho has been damaged and is entitled to recover Defendant's wrongfully obtained profits and three times Toho's actual damages, pursuant to 15 U.S.C. § 1117(a).

26. Defendant's trademark infringement has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to use the MECHAHOPZILLA Mark or Mechahopzilla Character, Toho's MECHAGODZILLA Marks, Mechagodzilla Character, or any confusingly similar variations of the foregoing, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

27. Toho is informed and believes, and based thereon alleges, that Defendant engaged in the foregoing conduct knowingly, willfully and oppressively, intending to appropriate Toho's intellectual property to the detriment of Toho and to the confusion of the public. This constitutes

84800-00093/1968714.4
PD.10370679.1

an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Toho is entitled to its attorneys' fees.

## SECOND CLAIM FOR RELIEF

### To Refuse Registration of Trademark Application (15 U.S.C. § 1119)

28. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22 and 24 through 27 above, inclusive, as though they were fully set forth herein.

29. Defendant has applied to register the MECHAHOPZILLA Mark with the United States Patent and Trademark Office, Application Serial No. 85/746,093.

30. Toho has opposed the application.

31. There is a close nexus between the issues in this dispute and the issues in the pending application proceeding.

32. This Court has the authority to determine whether Defendant is entitled to a registration under 15 U.S.C. § 1119.

33. Because Defendant's applied-for mark MECHAHOPZILLA so resembles Toho's registered MECHAGODZILLA Marks as to be likely, when used in connection with the goods identified in Defendant's application, to cause confusion, to cause mistake, or to deceive, this Court should direct the United States Patent and Trademark Office to refuse registration of the mark in Application Serial No. 85/746,093.

## THIRD CLAIM FOR RELIEF

### For Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

34. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22, 24 through 27, and 29 through 33 above, inclusive, as though they were fully set forth herein.

35. Toho's registration of the MECHAGODZILLA Marks, and its use and promotion of these Marks and the Mechagodzilla Character, has generated a distinctiveness, recognition and goodwill associated with the Marks.

36. By creating, producing, distributing, advertising, and otherwise exploiting the MECHAHOPZILLA Mark and Mechahopzilla Character in the way that it has, and/or by authorizing or contributing to the foregoing, Defendant has created and will continue to create confusion in the marketplace, and has falsely created the impression in the minds of the public, that Toho and its MECHAGODZILLA Marks and Mechagodzilla Character are somehow associated or affiliated with Defendant, that Toho is sponsoring or endorsing the Mechahopzilla product, and/or that Toho approved or authorized Defendant's use of the MECHAHOPZILLA Marks or Mechahopzilla Character. Such conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a direct and proximate result of Defendant's wrongful conduct, Toho has been damaged and is entitled to recover Defendant's wrongfully obtained profits and three times Toho's actual damages, pursuant to 15 U.S.C. § 1117(a).

38. Defendant's violation of the Lanham Act has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to use the MECHAHOPZILLA Mark or Mechahopzilla Character, Toho's MECHAGODZILLA Marks, Mechagodzilla Character, or any confusingly similar variations of the foregoing, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

39. Toho is informed and believes, and based thereon alleges, that Defendant engaged in the foregoing conduct knowingly, willfully and oppressively, intending to appropriate Toho's intellectual property to the detriment of Toho and to the confusion of the public. This constitutes an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Toho is entitled to its attorneys' fees.

84800-00093/1968714.4
PD.10370679.1

## FOURTH CLAIM FOR RELIEF

### For Copyright Infringement

40. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22, 24 through 27, 29 through 33, and 35 through 39 above, inclusive, as though they were fully set forth herein.

41. By creating, producing, distributing, advertising, and otherwise exploiting the Mechahopzilla Character in the way that it has, and/or by authorizing or contributing to the foregoing, Defendant has infringed Toho's Mechagodzilla Copyrights.

42. Toho is informed and believes, and based thereon alleges, that Defendant's infringing acts were, and continue to be, committed willfully and knowingly.

43. As a direct and proximate result of Defendant's copyright infringement as alleged above, Toho has suffered and will continue to suffer injury and damage in an amount to be determined at trial. Furthermore, Toho is informed and believes, and based thereon alleges, that Defendant has received or will receive profits, gains, or other benefits from its infringing activities, all of which should be disgorged to Toho. In the alternative, Toho reserves the right to elect statutory damages of up to $150,000, per work infringed, for Defendant's willful infringement of its Mechagodzilla Copyrights.

44. Defendant's infringement of Toho's Mechagodzilla Copyrights has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary damages, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to infringe Toho's Mechagodzilla Copyrights.

45. Toho has and will incur attorneys' fees in pursuing this action, which Toho is entitled to recover from Defendant, pursuant to 17 U.S.C. § 505.

84800-00093/1968714.4
PD.10370679.1

## FIFTH CLAIM FOR RELIEF

### For Violation of State Unfair Competition Law

46. Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22, 24 through 27, 29 through 34, 35 through 39, and 41 through 45 above, inclusive, as though they were fully set forth herein.

47. Toho's registration of the MECHAGODZILLA Marks, and its use and promotion of those Marks, has generated a distinctiveness, recognition and goodwill associated with the MECHAGODZILLA Marks.

48. Defendant's use of the MECHAHOPZILLA Mark and Mechahopzilla Character falsely indicates to consumers that Defendant's goods and services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Toho and is likely to cause confusion or mistake as to the source, nature, and quality of the goods and services that Toho and Defendant are offering.

49. Defendant's acts constitute unfair competition in violation of Louisiana law.

50. As a direct and proximate result of Defendant's wrongful conduct, Toho has suffered and will continue to suffer injury and damage in an amount to be determined at trial.

51. Defendant's violation of Louisiana law has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to use the MECHAHOPZILLA Mark or Mechahopzilla Character, Toho's MECHAGODZILLA Marks, Mechagodzilla Character, or any confusingly similar variations of the foregoing, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

## SIXTH CLAIM FOR RELIEF

### For Injury to Business Reputation or Dilution Under State Law

52.     Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22, 24 through 27, 29 through 34, 35 through 39, 41 through 45 and 47 through 51 above, inclusive, as though they were fully set forth herein.

53.     Defendant's actions, as alleged above, have caused a likelihood of injury to business reputation or of dilution of the distinctive quality of Toho's MECHAGODZILLA mark under La. R.S. 51:223.1.

54.     As a direct and proximate result of Defendant's wrongful conduct, Toho has suffered and will continue to suffer injury and damage in an amount to be determined at trial.

55.     Defendant's wrongful conduct has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to use the MECHAHOPZILLA Mark or Mechahopzilla Character, Toho's MECHAGODZILLA Marks, Mechagodzilla Character, or any confusingly similar variations of the foregoing, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

## SEVENTH CLAIM FOR RELIEF

### For Violation of Louisiana Unfair Trade Practices Act

56.     Toho realleges and incorporates by this reference the allegations contained in paragraphs 1 through 22, 24 through 27, 29 through 34, 35 through 39, 41 through 45, 47 through 51 and 53 through 55 above, inclusive, as though they were fully set forth herein.

57.     Defendant's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce under La. R.S. 51:1405.

84800-00093/1968714.4
PD.10370679.1

58. As a direct and proximate result of Defendant's violation of the Louisiana Unfair Trade Practices Act, Toho has suffered and will continue to suffer injury and damage in an amount to be determined at trial and is entitled to recover reasonable attorneys' fees and costs.

59. Defendant's violation of the Louisiana Unfair Trade Practices Act has caused and will cause irreparable harm to Toho which cannot be fully compensated by money. Toho has no adequate remedy at law. Therefore, in addition to monetary relief, Toho is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to use the MECHAHOPZILLA Mark or Mechahopzilla Character, Toho's MECHAGODZILLA Marks, Mechagodzilla Character, or any confusingly similar variations of the foregoing, on or in connection with any products, goods or services, or the advertising of any products, goods or services.

## PRAYER FOR RELIEF

WHEREFORE, Toho prays judgment on its Complaint as follows:

1. For preliminary and permanent injunctive relief restraining and enjoining Defendant and its officers, directors, agents, servants, employees, representatives, partners, subsidiaries and attorneys, and all other entities acting in concert or participation with them or at their direction from:

    (a) advertising, promoting, or distributing beer, or any other product, with the name Mechahopzilla, or any substantially similar variation on such name; or

    (b) advertising, promoting, or distributing any beer with a depiction of a a large two-footed reptilian creature with a powerful swooping tail and a robot-like, or any substantially similar variation on such appearance;

2.	For Defendant to be directed to file and serve a post-injunction compliance report pursuant to 15 U.S.C. § 1116(a);

3.	For an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

4.	For Toho's damages according to proof;

5.	That Defendant be required to account for and pay over to Toho its profits and other benefits which it received by reason of its unlawful conduct alleged herein;

6.	That the amount of all monetary recovery be increased as provided by applicable law, up to three times;

7.	To direct the United States Patent and Trademark Office to refuse to register MECHAHOPZILLA in Defendant's Application Serial No. 85/746,093;

8.	At Toho's election, for statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c);

9.	For an order requiring Defendant to disgorge any and all gains or benefits conferred upon Defendant as a result of its violations of law;

10.	For Toho's attorneys' fees and expenses;

11.	For Toho's costs of suit incurred herein; and

12.	For such other and further relief in favor of Toho as the Court may deem just and proper.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: /s/ *Mary Ellen Roy*
　　Mary Ellen Roy (Bar No. 14388)
　　Dan Zimmerman (Bar No. 2202)
　　365 Canal Street, Suite 2000
　　New Orleans, Louisiana 70130-6534
　　Telephone: (504) 566-1311
　　Telecopier: (504) 568-9130
　　roym@phelps.com
　　dan.zimmerman@phelps.com

**ATTORNEYS FOR PLAINTIFF,
TOHO CO., LTD**


**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**

Charles N. Shephard (CA Bar No. 078129)
Aaron J. Moss (CA Bar No. 190625)
(Admission *Pro Hac Vice* Pending)
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Telephone: 310.553.3610
Facsimile: 310.553.0687
cshephard@greenbergglusker.com
amoss@greenbergglusker.com

**ATTORNEYS FOR PLAINTIFF,
TOHO CO., LTD**

## DEMAND FOR JURY TRIAL

Plaintiff Toho Co., Ltd hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: /s/ *Mary Ellen Roy*
Mary Ellen Roy (Bar No. 14388)
Dan Zimmerman (Bar No. 2202)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
roym@phelps.com
dan.zimmerman@phelps.com

**ATTORNEYS FOR PLAINTIFF,
TOHO CO., LTD**

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**

Charles N. Shephard (CA Bar No. 078129)
Aaron J. Moss (CA Bar No. 190625)
(Admission *Pro Hac Vice* Pending)
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Telephone: 310.553.3610
Facsimile: 310.553.0687
cshephard@greenbergglusker.com
amoss@greenbergglusker.com

**ATTORNEYS FOR PLAINTIFF,
TOHO CO., LTD**